```
                    UNITED STATES BANKRUPTCY COURT
                  FOR THE NORTHERN DISTRICT OF IOWA
```

IN RE:                          )
                                )     Chapter 7
AMANDA NOUCHANTHAVONG,          )
                                )     Bankruptcy No. 09-02181
     Debtor.                    )

### ORDER RE: REAFFIRMATION AGREEMENT (Doc. 20)

This matter came before the undersigned for hearing on October 27, 2009.  Debtor Amanda Nouchanthavong appeared without counsel.  In a Reaffirmation Agreement filed August 17, 2009, Debtor is reaffirming a debt of $6,961.14 to The National Bank with 12% interest and monthly payments of $224.75.  The debt is from an unsecured loan Debtor received to pay bills and finance a vacation.  Debtor's mother cosigned the loan.  The Bank has frozen the accounts of Debtor's mother until the loan is paid.  Debtor believes that the Bank will take the funds from those accounts if Debtor fails to make payments.

Schedules I and J show Debtor has monthly net income of $1.  Payment on this debt is not included in Schedule J.  Since filing her petition and schedules, however, Debtor has found a full-time job.  She stated at the hearing that she can pay and has been paying the payments on this cosigned loan.

### CONCLUSIONS OF LAW

Section 524(c)(6)(A) allows a debtor to reaffirm debt that would otherwise be dischargeable if reaffirming does not impose an undue hardship on the debtor and is in the best interest of the debtor. In re Chim, 381 B.R. 191, 195 (Bankr. D. Md. 2008). The Bankruptcy Code includes provisions aimed at ensuring that debtors do not fall victim to coercive and deceptive actions by creditors and to make sure "that debtors understand the consequences of entering into such agreements." In re Schmidt, 397 B.R. 481, 482 (Bankr. W.D. Mo. 2008) (citations omitted); In re Tarnowski, 2009 WL 424999, *1 (Bankr. N.D. Iowa 2009).

One of the problems originally considered by Congress in enacting the § 524(c) controls over reaffirmed debt was debtors reaffirming because a friend or relative had cosigned. In re Blount, 4 B.R. 92, 94 (Bankr. M.D. Tenn. 1980) (citing legislative history).

>Court approval of an agreement because of the existence of a co-debtor would weaken the "fresh start" for the [bankruptcy debtor].  Also, any other unsecured creditors would not be treated substantially the same.  Court disapproval on the other hand, would secure the effectiveness of discharge relief while not denying the [debtor] an opportunity voluntarily to pay the debt to either the creditor or to a co-debtor.  The claim would just not be enforceable against debtors if or when future circumstances might change, such as the death or insolvency of the co-debtor.

In re Avis, 3 B.R. 205, 207 (Bankr. S.D. Ohio 1980).

Typically, the purpose of an allowable reaffirmation agreement is to permit a debtor to retain collateral that is subject of a valid security agreement.  In re Kamps, 217 B.R. 836, 850 (Bankr. C.D. Cal. 1998).  "In contrast, the best interest of a debtor ordinarily requires the denial of a reaffirmation of an unsecured debt."  Id. at 851.  A debtor may freely choose to pay the unsecured debt but does not need to waive the benefit of the discharge to do so.  In re Ezell, 269 B.R. 768, 769 (Bankr. S.D. Ohio 2001).  The Bankruptcy Code provides:  "Nothing contained in [§ 524(c) or (d)] prevents a debtor from voluntarily repaying any debt."  11 U.S.C. § 524(f).

In In re Berkich, 7 B.R. 483, 484 (Bankr. E.D. Pa. 1980), for example, the debtors wished to reaffirm a debt where the mother of one of the debtors guaranteed payment on the note and they did not want the creditor to move against the guarantor.  The court refused to approve reaffirmation of the debt, noting that the debtors could forestall the creditor's action against the guarantor or her property by continuing to make payments as volunteers.  Id.

**ANALYSIS**

Based on the foregoing, the Court concludes that the Reaffirmation Agreement between Debtor and The National Bank should not be approved.  This is an unsecured debt.  As is typical with any unsecured debt, repaying this debt gives Debtor no financial or economic benefit.  Thus, the Agreement is not in Debtor's best interests under § 524(c)(6)(A)(ii).  If Debtor wishes to repay the debt in order to protect her mother's financial interests, the Bankruptcy Code allows such payments, even though Debtor is no longer personally liable after she receives her bankruptcy discharge.

**WHEREFORE**, approval of the Reaffirmation Agreement (Doc. 20) between Debtor and The National Bank is DENIED.

**FURTHER**, the Agreement is not enforceable, although nothing prevents Debtor from choosing to make payments as a volunteer.

DATED AND ENTERED: November 13, 2009

*/s/ Paul J. Kilburg*

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE